IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANABEL ZAMORA ZAVALA,<br><br>                     Plaintiff,<br><br>      v.<br><br>USCIS, ET AL.<br><br>                     Defendants. | CASE NO. 1:24-CV-00767-JLT-HBK<br><br>ORDER GRANTING TEMPORARY STAY<br><br>(Doc. No. 7)<br><br>CLERK TO LIFT STAY ON MARCH 25, 2025 |

      On September 11, 2024, Defendants filed a motion seeking a stay of this action. (Doc. No. 7, Motion). Defendant requests the Court to stay this case through March 25, 2025, and vacate all other filing and case management deadlines. (*Id*.). Plaintiff does not oppose the Motion. (*Id*.).

      Plaintiff alleges that U.S. Citizenship and Immigration Services ("USCIS") has unreasonably delayed adjudicating her pending asylum application, which she filed in October 2017. USCIS has scheduled Plaintiff's asylum interview for November 25, 2024. The parties anticipate that this lawsuit will be rendered moot once USCIS completes its adjudication of Plaintiff's application, and USCIS will endeavor to do so within 120 days. In the event USCIS cancels or reschedules the interview on Plaintiff's application, the agency will endeavor to reschedule the interview within four weeks of the original date.

1

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court finds Defendants have met their burden to justify a temporary stay of this action while USCIS completes and adjudicates Plaintiff's application.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Stay (Doc. No. 7) is GRANTED to the extent the Court STAYS this action and vacates all other hearing dates and deadlines, including the initial Scheduling Conference currently set for October 3, 2024 at 11:30 A.M.
2. The Clerk of Court shall automatically LIFT the STAY on March 25, 2025.
3. Should this matter become moot, Plaintiff shall promptly file a Rule 41 notice.

Dated:   September 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2